**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC ZACHARY ANDERSON, | No. 15-15471 |
| Petitioner-Appellant, | D.C. No. 3:11-cv-02636-JST |
| v. | |
| CLARK E. DUCART, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted August 18, 2017
San Francisco, California

Before: RAWLINSON and NGUYEN, Circuit Judges, and VANCE,[**] District
Judge.

Eric Anderson appeals a district court order denying his habeas corpus

petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"),

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Sarah S. Vance, United States District Judge for the
Eastern District of Louisiana, sitting by designation.

federal habeas relief may not be granted unless "a state court's decision on the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by'" the Supreme Court, or "was 'based on an unreasonable determination of the facts.'" *Woods v. Donald,* 135 S. Ct. 1372, 1376 (2015) (quoting 28 U.S.C. § 2254(d)). This standard is "intentionally difficult to meet" and requires that the state court decision be "objectively unreasonable, not merely wrong; even clear error will not suffice." *Id.* at 1376 (citation and quotation marks omitted). Federal habeas relief is not available "unless *each* ground supporting the state court decision is examined and found to be unreasonable under AEDPA." *Wetzel v. Lambert*, 565 U.S. 520, 525 (2012) (emphasis in original).

Anderson alleges violations of his Sixth Amendment right of confrontation and his Fourteenth Amendment right to due process because the prosecutor at his murder trial posed leading questions to a witness who refused to answer and referenced those questions during closing arguments. The prosecutor's questions related to statements that Anderson's codefendant purportedly made about the murder. Anderson's conviction was affirmed on direct appeal. The state appellate court concluded that the prosecutor's leading questions were inappropriate, but held that any error was cured by the trial judge's instruction to the jury that an attorney's statements and questions are not evidence. The court also noted that the

other evidence of Anderson's guilt was "more than substantial."

The state court did not unreasonably apply clearly established law in finding that jury instructions cured any error created by the prosecutor's conduct. Anderson does not cite any Supreme Court decision compelling the conclusion that the prosecutor's conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright,* 477 U.S. 168, 181 (1986); *see also Parker v. Matthews,* 567 U.S. 37, 48 (2012) (explaining that the lower court erred in setting aside the state court's conclusion because "the *Darden* standard is a very general one, leaving courts more leeway in reaching outcomes in case-by-case determinations") (internal quotation omitted). Additionally, "[t]he assumption that jurors are able to follow the court's instructions fully applies when rights guaranteed by the Confrontation Clause are at issue." *Tennessee v. Street,* 471 U.S. 409, 415 n.6 (1985). The judge at Anderson's trial instructed jurors several times that questions posed and arguments made by attorneys are not evidence. This is not a case where the jury was asked to "perform the overwhelming task of considering [evidence] in determining the guilt or innocence" of one defendant and "then of ignoring it in determining the guilt or innocence of any codefendants." *Bruton v. United States,* 391 U.S. 123, 131 (1968).

Moreover, the state appellate and trial courts reasonably determined that the

jury had substantial other evidence of Anderson's guilt. At trial, the prosecution presented eyewitness identification testimony, surveillance footage of Anderson driving the getaway vehicle just 50 minutes before it fled the murder scene, physical evidence, and multiple witnesses who had told police that either Anderson or his codefendant confessed the murder to them. Given the weight of the evidence against him, Anderson has not shown that any constitutional error that may have occurred at his trial "had substantial and injurious effect or influence in determining the jury's verdict," or that he suffered "actual prejudice." *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993) (internal citation omitted). Accordingly, any error was harmless.

**AFFIRMED.**